**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1972

WILLIAM E. BENSTON, JR.,

Plaintiff - Appellant,

versus

DONALD L. EVANS, Secretary, Department of
Commerce,

Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Roger W. Titus, District Judge. (CA-05-
364-RWT)

Submitted: February 23, 2006          Decided: March 1, 2006

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William E. Benston, Jr., Appellant Pro Se.  Allen F. Loucks,
Assistant United States Attorney, Neil Ray White, OFFICE OF THE
UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

William E. Benston, Jr., appeals the district court's order substituting the United States of America in place of Donald L. Evans, Secretary of the United States Department of Commerce, and dismissing his civil action for lack of jurisdiction. We affirm.

Benston's claim is controlled by the Federal Tort Claims Act ("FTCA") 28 U.S.C. §§ 2671-2680 (2000), which provides the exclusive remedy for torts committed by a government employee in the scope of his employment. See United States v. Smith, 499 U.S. 160, 165-66 (1991). We find the United States was appropriately substituted in the place of Donald L. Evans because federal employees who are sued for actions within the scope of their office or employment are immunized, and the United States is substituted in their place. 28 U.S.C. § 2679 (2000).

Turning to the dismissal of Benston's complaint for lack of subject matter jurisdiction, we find Benston's complaint was properly dismissed because he failed to exhaust administrative remedies as required before bringing a FTCA action. 28 U.S.C. § 2675(a) (2000). Moreover, even if Benston had properly exhausted his administrative remedies, the district court lacked jurisdiction because the FTCA specifically excludes the tort of false imprisonment from claims for which the United States has waived sovereign immunity. 28 U.S.C. § 2680(h) (2000).

- 2 -

Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED